UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TONY SMITH,                           :
          Petitioner,                 :
                                      :
     v.                               :        CIVIL NO. 3:18-cv-1111 (AWT)
                                      :
WARDEN,                               :
          Respondent.                 :

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Tony Smith commenced this habeas corpus action

pro se pursuant to 28 U.S.C. § 2241, challenging his designation

as a career offender.  The respondent contends that the

petitioner fails to satisfy the requirements to proceed on this

claim under section 2241.  The court agrees.  Accordingly, for

the reasons that follow, the petition is dismissed.

### I.   Legal Standard

A motion filed pursuant to 28 U.S.C. § 2255 is the proper

vehicle for a federal prisoner "claiming the right to be

released upon the ground ... that the court was without

jurisdiction to impose [the] sentence."  28 U.S.C. § 2255(a).

See Poindexter v. Nash, 333 F.3d 372, 377-78 (2d Cir. 2003)

(noting general rule that federal prisoner must use section 2255

rather than section 2241 to challenge constitutionality of conviction or sentence).  A habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is "inadequate or ineffective" to test the legality of his detention and the "failure to allow for collateral review would raise serious constitutional questions."  Middleton v. Schult, 299 F. App'x 94, 95 (2d Cir. 2008) (quoting Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997)) (internal quotation marks omitted).

A section 2255 motion is not "inadequate or ineffective" merely because the petitioner does not meet the gate-keeping requirements of section 2255.  See Bryce v. Scism, No. 3:09CV2024(WWE), 2010 WL 5158559, at *3 (D. Conn. Dec. 13, 2010) (motion pursuant to section 2255 is not inadequate or ineffective because prisoner is procedurally barred from filing section 2255 motion).  Rather, the exception provided under section 2255 is extremely narrow and has been held to apply only in unusual situations.  The Second Circuit has recognized an exception only where a prisoner can prove actual innocence on the existing record and could not have raised his claim of innocence at an earlier time.  See id. (citing Triestman, 124 F.3d at 363).  The petitioner must prove "'factual innocence, not mere legal insufficiency.'"  Johnson v. Bellnier, 508 F.

App'x 23, 26 (2d Cir. 2013) (quoting <u>Bousley v. United States</u>,

523 U.S. 614, 623 (1998)).  To do so, the petitioner must

support his actual innocence claim "with new reliable evidence—

whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence--that was not

presented at trial."  <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).

Because evidence of the required type is rarely available,

claims of actual innocence are rarely successful.  <u>See</u> <u>id.</u>

## II.  <u>Background</u>

The petitioner was indicted by a federal grand jury in the

Southern District of Georgia.  On August 6, 2007, the petitioner

pled guilty to one count of the indictment, in which the charge

was possession of more than fifty grams of cocaine base with

intent to distribute.  On February 1, 2008, the petitioner was

sentenced to a term of imprisonment of 326 months.  Because the

petitioner had five prior convictions, he was sentenced as a

career offender.  The Eleventh Circuit affirmed his conviction.

<u>United States v. Smith</u>, 291 F. App'x 1002 (11th Cir. 2008).

The petitioner filed a section 2255 motion in September

2009 on the ground that his counsel was ineffective for failing

to object to the court's reliance on certain predicate offenses

in determining the sentence.  The motion was dismissed in

November 2009.  <u>Smith v. United States</u>, Nos. CV609-066, CR606-

010, 2009 WL 3961883 (S.D. Ga. Nov. 16, 2009).

In March 2012, after getting one of the predicate state
convictions that was used to enhance his sentence vacated, the
petitioner sought permission from the Eleventh Circuit to file a
second section 2255 motion.  The Eleventh Circuit determined
that the petition was not successive and permitted him to file
it.  The petition was denied as untimely filed and on the
merits.  Smith v. United States, Nos. CV612-036, CR606-010, 2012
WL 4468526 (S.D. Ga. Sept. 26, 2012), report and recommendation
adopted, 2012 WL 4849010 (Oct. 11, 2012).

III. **Discussion**

The petitioner is challenging his sentence enhancement as a
career criminal.  Thus, his proper recourse is a motion filed
pursuant to section 2255.  The petitioner has filed two motions
pursuant to section 2255 in the United States District Court for
the Southern District of Georgia.  The fact that he may not be
able to file a third section 2255 motion does not render section
2255 inadequate to protect his rights.  See Jiminian v. Nash,
254 F.3d 144, 147 (2d Cir. 2001) (section 2255 "is not
inadequate or ineffective, such that a federal prisoner may file
a § 2241(c)(3) petition, simply because a prisoner cannot meet
the AEDPA's gate-keeping requirements"); Bryce, 2010 WL 5158559,
at *3 (same).

The petitioner argues that he can bring this action under section 2241 because his prior convictions no longer qualify him for a career offender enhancement.  ECF No. 1 at 7, ¶ 13.  The petitioner relies on cases from other circuits that permit a challenge to a sentence enhancement in a section 2241 petition.  See, e.g., Hill v. Masters, 836 F.3d 591, 595-96 (6th Cir. 2016) (allowing second or successive petition challenging sentencing enhancement where petitioner was sentenced while sentencing guidelines were mandatory).  This argument is unavailing for two reasons.

First, law from other circuits is not binding on courts in the Second Circuit.  See, e.g., Newsweek, Inc. v. U.S. Postal Service, 663 F.2d 1186, 1196 (2d Cir. 1981) ("It is well settled that the decisions of one Circuit Court of Appeals are not binding upon another Circuit).  Second, the petitioner in Hill was permitted to use section 2241 to challenge his sentence enhancement because he was sentenced during the time when the guidelines were mandatory.  See 836 F.3d at 599-600.  The Supreme Court held that the guidelines were advisory and not mandatory in 2005.  See United States v. Booker, 543 U.S. 220 (2005).  As the petitioner was sentenced in 2008, Hill, even if applicable, would afford him no relief.

Both the Supreme Court and the Second Circuit construe the "actual innocence" doctrine narrowly. See Sawyer v. Whitley, 505 U.S. 333, 339-40 (1992) (explaining that the actual innocence doctrine is "narrow" and typically "concerned with actual as compared to legal innocence") (citation omitted); Darby v. United States, 508 F. App'x 69, 71 (2d Cir. 2013) (calling the doctrine "very narrow"). In noncapital cases, as here, actual innocence "means simply that the defendant did not commit the crime." Poindexter, 333 F.3d at 381 (citations omitted).

The petitioner does not argue that he is innocent of the crime of which he was convicted or of the crimes that were used to support the sentence enhancement. Instead, he contends that he is innocent of the sentence enhancement because some of his prior crimes were incorrectly identified as supporting the enhancement.

The Second Circuit has never extended the actual innocence exception to this situation. See Darby, 508 F. App'x at 71 (petitioner's "essentially legal argument that he is innocent of the sentencing enhancement because the district court misclassified his predicate offenses under the Guidelines" considered insufficient to trigger actual innocence exception because petitioner was guilty of predicate offenses);

6

Poindexter, 333 F.3d at 382 (noting claim of actual innocence of career offender enhancement is not claim of innocence warranting review under section 2241); see also Salvagno v. Williams, No. 3:17-CV-2059 (MPS), 2019 WL 109337, at *10-11 (D. Conn. Jan. 4, 2019) ("I have found no Supreme Court or Second Circuit precedent that has broadened the "actual innocence" gateway in habeas cases to admit a claim that challenges only the application of a Guidelines enhancement not itself involving innocence of a prior offense"; discussing narrow application of actual innocence exception); United States v. Brown, No. 3:13CV106 EBB, 2014 WL 3738062, at *4 (D. Conn. July 30, 2014) ("actual innocence means the petitioner did not commit the crime of which he was convicted in the underlying federal case, not merely that he is actually innocent of being a career offender"). Under Supreme Court and Second Circuit law, the petitioner's claim does not fall within the actual innocence exception.

Thus, the court lacks subject matter jurisdiction to entertain this section 2241 petition. See Salvagno, 2019 WL 109337, at *12 (concluding that petitioner did not meet actual innocence exception and court lacked jurisdiction to entertain section 2241 petition).

## IV. Conclusion

The petition for writ of habeas corpus [ECF No. 1] is

**DISMISSED**.  The Clerk is directed to enter judgment and close

this case.

It is so ordered.

Signed this 26th day of April, 2019 at Hartford,

Connecticut.


_____/s/AWT_____
Alvin W. Thompson
United States District Judge